### HUNT v. OUTLAND.

1. NEGLIGENCE—OWNER OF ENCLOSED RIDING ARENA.

Owner of enclosed but unheated riding arena is not an insurer against injury of persons who rented or boarded horses in defendant's stables and rode them in his arena.

2. SAME—RIDING ARENA—FROZEN WATER-PERMEATED EARTH.

As a matter of law actionable negligence on part of owner of an enclosed riding arena was not shown by fact that he failed to keep the unheated arena free from a small quantity of frozen water-permeated earth.

3. TRIAL—DIRECTED VERDICT—EVIDENCE.

The testimony must be construed in the light most favorable to plaintiff when a verdict is being directed for defendant.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 8, 1943. (Docket No. 58, Calendar No. 42,023.) Decided February 23, 1943.

Case by James Hunt against Zol Outland, individually and doing business as Outland's Riding Stables, for damages sustained by plaintiff in fall from horse while riding on defendant's indoor riding track. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Robert E. Plunkett* and *Edward Fallon,* for plaintiff.

*Glenn C. Gillespie* and *Emil W. Colombo,* for defendant.

NORTH, J. Plaintiff herein seeks to recover damages for personal injuries which he alleges he sustained as the result of defendant's negligence. At

When possessor of land is liable for harm caused to business visitors by natural or artificial condition thereon, see 2 Restatement, Torts, § 343.

the close of plaintiff's proofs the trial judge, on defendant's motion, directed the jury to render a verdict in favor of defendant. The judgment was entered on the verdict so rendered. Plaintiff, contending that a question of fact was presented, has appealed.

Defendant owned and operated a public riding stable and also boarded horses for other owners. In connection with this business and for the use of his customers defendant maintained an indoor riding track or ring inside of a building which was about 200 feet long and 80 to 100 feet wide. This riding ring was on the natural ground surface—*i. e.,* without flooring of any kind, but it was covered with sawdust and shavings. There is testimony that the roof over this riding arena leaked to some extent, and that in rainy weather water seeped in at certain places through or under the side walls of the structure. Plaintiff's horse was boarded at defendant's stable. On January 1, 1940, plaintiff was riding his horse at a slow canter around the ring. It was cold out of doors at the time and the enclosure was not heated. Plaintiff's horse slipped and fell on his right side. Plaintiff's right leg was caught under the body of the horse and fractured. There is testimony that at the point of accident the dampened ground had frozen, resulting in a hardened or glazed condition which witnesses described as a mixture of ice and dirt. The surface coating of sawdust was about three inches thick. After the accident marks were left on the hardened surface where the feet of the horse had "skidded" sidewise and caused the fall. Until shortly before the accident plaintiff's horse had been shod with the conventional type of metal horse shoes with calks to prevent slipping, but at the time of the accident the horse was shod with corrugated rubber shoes on

which there were no calks. Seemingly the horse was shod with rubber shoes incident to his recent use on a stage in making a moving picture. It is a fair inference from the testimony that the horse did not stumble and fall, but instead all four feet slid to the left so that he fell sideways to the right. As bearing upon whether dampness was more or less common to the ring where horses were ridden, the following testimony is somewhat pertinent:

"It was necessary to keep the shavings (or sawdust) sprinkled on the ring, to hold down the dust. The soil there was a light sandy soil and if the surface of the ring wasn't damp, it would kick up a lot of dust when there were riders there, get pretty thick there at times. Then it was necessary to go in and sprinkle water around to hold the dust down."

The theory upon which plaintiff asserts a right of recovery is outlined in his brief as follows:

"The plaintiff was a paying guest of the defendant's establishment. As such the defendant owed the plaintiff the duty of keeping the premises reasonably safe for the purposes for which they were intended. If the defendant breached or failed in this duty, he was negligent."

It is not claimed, nor can it be, that under the circumstances of this case defendant was an insurer of plaintiff's safety. But plaintiff does urge that there is evidence of defendant's failure to keep the riding arena in a reasonably safe condition for its intended use, and therefore an issue for the jury's determination was presented. In this connection it may be noted that plaintiff in law was charged with the same notice as defendant in regard to the temperature being such that any dampened earth about the arena might be in a

frozen or semifrozen condition. And further there is no testimony that defendant had any further actual notice of the icy condition at the point of accident than did plaintiff, although plaintiff testified he had called the attention of defendant to the fact that "it was wet in there." Incident to directing a verdict the trial judge said:

"The first observation is that the defendant is not an insurer of the plaintiff against injury while riding in the arena. The second observation is that there may not be implied from the testimony or otherwise, a rule whereby it is incumbent upon the defendant to keep the unheated riding arena free from frozen water-permeated earth, the accumulation of a small quantity of ice such as the testimony discloses.  *  *  *

"The record is void of any testimony of notice or implied notice to defendant of such an imperfect condition that would require him to act in the particular of further measures for plaintiff's safety."

The record shows the trial judge was mindful at the time of directing the verdict that the testimony must be construed in the light most favorable to plaintiff. But even when so viewed there is no testimony which, under the circumstances of this case, would tend to establish actionable negligence on the part of defendant. We are in accord with the ruling of the trial judge; and the judgment entered in the circuit court is affirmed. Costs to appellee.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.